UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-CR-99 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| DENNIS WILLIAM MONCRIEF, | |
| Defendant(s). | |

Presently before the court is *pro se*[1] defendant Dennis Moncrief's motion for leave to proceed *in propria persona*. (ECF No. 34).

Also before the court is Moncrief's motion for appointment of counsel. (ECF No. 35).

Also before the court is Moncrief's motion to reconsider sentence. (ECF No. 36). The government has not filed a response, and the time for doing so has passed.

**I.  Background**

On March 3, 2008, Moncrief pleaded guilty to possession of firearms by a felon (18 U.S.C. §§ 922(g)(1) and 924(a)(2)) and possession of stolen firearms (18 U.S.C. §§ 922(j) and 924(a)(2)). *United States v. Moncrief*, case no. 2:08-cr-00020-APG-RJJ-1, ECF No. 10. On September 17, 2008, Moncrief was sentenced to the mandatory minimum of 180 months custody pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be followed by 5 years of supervised release. *Id.* at 19.

---

[1] Moncrief has filed each of the instant motions *pro se*, and he requests that the court grant him leave to proceed under that status with regard to his motion to reconsider sentence. In the alternative, Moncrief requests that counsel be appointed to aid him in filing a motion to reconsider.

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, which invalidated the ACCA's residual clause as unconstitutionally vague. 135 S. Ct. 2551 (2015). Following *Johnson*, Moncrief and the government filed a joint motion to correct sentence under 28 U.S.C. § 2255 on June 29, 2016, arguing that, absent the residual clause, his original sentence was based on an improper determination that he is an armed career criminal under the ACCA. *Moncrief*, case no. 2:08-cr-00020-APG-RJJ-1, ECF No. 41. The court granted that motion on the same day, and on July 7, 2016, an amended judgment was entered sentencing Moncrief to time served, to be followed by 3 years of supervised release. *Id*. at ECF Nos. 42, 43. This resulted in his immediate release from custody. *Id*. at ECF Nos. 42, 43.

In the instant case, Moncrief pleaded guilty on March 5, 2019, pursuant to a plea agreement (ECF No. 27), to aggravated identity theft (18 U.S.C. § 1028A(a)(1)) and failure to surrender for service of sentence (18 U.S.C. § 3146(a)(2)). (ECF No. 31). On June 24, 2019, the court sentenced Moncrief to 24 months custody for the aggravated identity theft, and 12 months and a day custody for the failure to surrender, to run consecutively, and to be followed by 1 year of supervised release. *Id*.

Moncrief now seeks leave from the court to proceed *in propria persona*, or in the alternative to proceed after the appointment of counsel, on his instant motion to reconsider sentence.[2]

**II.  Legal Standard**

A court generally may not modify a prison sentence once it has been imposed. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). A court may modify a prison sentence only to the extent it is permitted by statute or by Federal Rule of Criminal Procedure 35. *Id*.; *see also United States v. Ruiz-Alvarez*, 211 F.3d 1181, 1184 (9th Cir. 2000).

. . .

. . .

---

[2] Moncrief's motion to reconsider indicates that it is being filed pursuant to "Rule 59." There is a legitimate argument that this is the improper procedural vehicle for this motion. Regardless, the court, in liberally construing this motion as one filed by a *pro se* prisoner, will address the merits of Moncrief's motion rather than rule on this procedural basis. S*ee United States v. Seesing*, 234 F.3d 456, 462 (9th Cir. 2000).

James C. Mahan
U.S. District Judge

- 2 -

The applicable statute is 18 U.S.C. § 3582, which states in relevant part:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.

18 U.S.C. § 3582.

Federal Rule of Criminal Procedure 35 states, in relevant part, that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).

### III. Discussion

*a. Appointment of counsel*

Moncrief requests that the court permit him to proceed *pro se* on his motion to reconsider sentence. (ECF No. 34). Moncrief also requests, in the alternative, that the court appoint counsel to aid him in filing this motion. (ECF No. 35).

18 U.S.C. § 3006A governs the appointment of counsel. Under § 3006A(a)(1), representation must be provided to any financially eligible person who falls within the enumerated categories. Under § 3006A(a)(2), the court may appoint counsel where the "interests of justice so require" if the defendant "is seeking relief under section 2241, 2254, or 2255 of title 28."

Moncrief has not shown that he is entitled to representation under § 3006A(a)(1), and the court declines to consider this action under 28 U.S.C. § 2255. *See Seesing*, 234 F.3d at 463–64 (recognizing that district courts have discretion to characterize a prisoner's *pro se* motion as one under § 2255). Accordingly, the court will allow Moncrief to proceed *pro se* on his motion to reconsider sentence and will deny his motion for the appointment of counsel.

  b. *Reconsideration of sentence*

Moncrief argues that at the time he was released following his successful § 2255 motion, he had served 160 days (including credit for good behavior) in excess of the 8 years and 7 months he would have served under "the plea deal that was offered in the beginning." (ECF No. 36). He also argues that an additional approximately 63 days should be awarded due to the passage of the First Step Act. *Id*.

Moncrief has not cited a single case where a court in any jurisdiction has found that it may reduce a sentence for a subsequent conviction where a defendant's sentence for a prior conviction involved "overtime served" based on a resentencing resulting from a successful § 2255 motion. Further, Moncrief cites no authority supporting the notion that excess time served during a prior sentence may be credited toward a later sentence under either 18 U.S.C. § 3582 or Federal Rule of Criminal Procedure 35.

Accordingly, the court will deny Moncrief's motion to reconsider his sentence.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Moncrief's motion for leave to proceed *in propria persona* (ECF No. 34) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Moncrief's motion for appointment of counsel (ECF No. 35) be, and the same hereby is, DENIED.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

IT IS FURTHER ORDERED that Moncrief's motion to reconsider sentence (ECF No. 36) be, and the same hereby is, DENIED.

DATED September 17, 2019.

_____
UNITED STATES DISTRICT JUDGE